[No. H021567. Sixth Dist. July 16, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
BRIAN THOMAS BAILEY, Defendant and Appellant.

**COUNSEL**

Kathleen Novoa, Under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELIA, J.**—In this appeal, defendant Brian Thomas Bailey challenges a gang registration requirement imposed on him as a condition of probation under Penal Code section 186.30, part of the Gang Violence and Juvenile Crime

Prevention Act of 1998. Defendant contends that this provision, which became effective in March 2000 by the passage of Proposition 21, may not be applied to him because his offense took place in November 1999. He further contends that Penal Code section 186.32, which sets forth the duties of the registrant, is unconstitutionally vague and overbroad, that it violates the registrant's right to remain silent and his right to counsel, and that it violates the single-subject rule expressed in article II, section 8, of the California Constitution. We will affirm the judgment.

## Background

On March 31, 2000, defendant pleaded no contest to assault with a deadly weapon or by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)) and misdemeanor battery (Pen. Code, §§ 242, 243, subd. (a)). Defendant also admitted that the assault was committed for the benefit of or in association with a criminal street gang, within the meaning of Penal Code section 186.22, subdivision (b)(1).[1] The court placed defendant on probation for three years under certain conditions, including that he serve nine months in county jail, refrain from associating with any street gangs, avoid areas with gang-related activities, and "[r]egister pursuant to law."

The registration condition was imposed in accordance with sections 186.30 through 186.33, which were added by the voters at the March 7, 2000 election with the passage of Proposition 21. Section 186.32 provides for registration at the police or sheriff's department by the offender, along with a written statement "giving any information that may be required by the law enforcement agency."

On May 19, 2000, defendant returned to court to object to the registration requirement and the provision for giving a statement to law enforcement authorities. Defense counsel argued that the provision was vague and over-broad, that it violated defendant's right to equal protection, and that it compelled defendant to give up his Sixth Amendment right to counsel and his Fifth Amendment right against self-incrimination. Counsel also added "an ex post facto objection," because the offense had occurred in November 1999, before the passage of Proposition 21. The trial court, however, declined to modify its sentencing order.

## Discussion

### 1. Prospective Application of Proposition 21

■ Defendant first contends that the gang registration requirement should not have been imposed on him because section 3 requires prospective

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

application of laws absent the Legislature's express declaration to the contrary.

Section 3 provides that no part of the Penal Code is retroactive unless "expressly so declared." The Supreme Court has construed this language to include either "an express declaration of retroactivity or a clear and compelling implication that the Legislature intended otherwise." (*People v. Hayes* (1989) 49 Cal.3d 1260, 1274 [265 Cal.Rptr. 132, 783 P.2d 719]; *People v. Grant* (1999) 20 Cal.4th 150, 157 [83 Cal.Rptr.2d 295, 973 P.2d 72].) We believe that the Legislature expressed its intent that the registration requirement "apply to any person convicted in a criminal court" of certain offenses. (§ 186.30.) Because defendant was convicted after the effective date of section 186.30, the law applies to him.

2. *Ex Post Facto*

 Defendant maintains, however, that if the gang registration provision is applied to him, it must be deemed to be an ex post facto law in violation of article I, section 10 of the United States Constitution and article I, section 9 of the California Constitution. Legislative acts that are improper under these constitutional principles may consist of (1) punishing an act that was innocent when done, (2) making more burdensome the punishment for a crime after its commission, (3) depriving the accused of a defense available when the alleged crime was committed, or (4) altering the legal rules of evidence to require less or different proof than was required at the time of the offense. (*Collins v. Youngblood* (1990) 497 U.S. 37, 42 [110 S.Ct. 2715, 2719, 111 L.Ed.2d 30]; *Calder v. Bull* (1798) 3 U.S. (3 Dall.) 386, 390 [1 L.Ed 648, 650].) Simply stated, "Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." (*Collins v. Youngblood, supra*, 497 U.S. 37, 43 [110 S.Ct. 2715, 2719]; *People v. Castellanos* (1999) 21 Cal.4th 785, 791 [88 Cal.Rptr.2d 346, 982 P.2d 211].)

A change in the law that merely operates to the disadvantage of the defendant or constitutes a burden is not necessarily ex post facto. (*Collins v. Youngblood, supra*, 497 U.S. at p. 50 [110 S.Ct. at p. 2723]; *California Dept. of Corrections v. Morales* (1995) 514 U.S. 499, 506-507, fn. 3 [115 S.Ct. 1597, 1601-1602, 131 L.Ed.2d 588]; *People v. Ansell* (2001) 25 Cal.4th 868, 891-892 [108 Cal.Rptr.2d 145, 24 P.3d 1174].) It must be "a more burdensome *punishment*." (*People v. McVickers* (1992) 4 Cal.4th 81, 84 [13 Cal.Rptr.2d 850, 840 P.2d 955].) As we noted in *People v. Fioretti* (1997) 54 Cal.App.4th 1209, 1213 [63 Cal.Rptr.2d 367], "[t]he proper inquiry post-*Collins* is not whether the law results in a disadvantage to the person affected by it but rather whether it increases the penalty by which a crime is punished."

The lead opinion in *Castellanos* highlighted two factors in the determination of whether a law constitutes punishment: "[W]hether the Legislature intended the provision to constitute punishment and, if not, whether the provision is so punitive in nature or effect that it must be found to constitute punishment despite the Legislature's contrary intent." (*People v. Castellanos, supra,* 21 Cal.4th at p. 795.) ▮▮▮ We do not believe the gang registration requirement constitutes punishment either by legislative intent or in effect. Registration helps authorities monitor the location of those associating with gangs and thereby promotes the goal of protecting the public from gang-related violent crime. (Cf. *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 575-576 [27 Cal.4th 887a, 117 Cal.Rptr.2d 168, 41 P.3d 3]; Prop. 21, § 2, subd. (b).) Under the statute, registration entails an appearance at the police or sheriff's department, a written statement containing information required by the law enforcement agency, and submission of fingerprints and a photograph. In addition, any change in residence address must be reported within 10 days to the appropriate agency. (§ 186.32.) While the provision creates a burden for the registrant, unlike the lifetime requirement for sex offenders it is limited to five years after the last imposition of a registration requirement. (§ 186.32, subd. (c); cf. *In re Luisa Z.* (2000) 78 Cal.App.4th 978, 983 [93 Cal.Rptr.2d 231].) Thus, we conclude that registration is intended to serve legitimate purposes other than punishment, and that the effect of the requirement is not "so punitive in fact that it must be regarded as punishment, despite the Legislature's contrary intent." (*People v. Castellanos, supra,* 21 Cal.4th at p. 796.) Even if we agreed that this requirement imposes a "substantial burden" on the gang registrant, "this burden is no more onerous than necessary to achieve the purpose of the statute."[2] (*Ibid.*) No ex post facto prohibitions invalidate section 186.30 et. seq.

### 3. *Vagueness and Overbreadth*

▮▮▮ As noted above, a person subject to the registration requirement must appear at the appropriate law enforcement agency[3] and submit a signed statement "giving any information that may be required by the law enforcement agency." (§ 186.32.) Defendant contends that the lack of specificity in this provision allows the individual agency "unfettered discretion" to decide what information to require, thereby opening the door to violations of the First, Fifth and Sixth Amendments.

---

[2]Defendant's argument that the statute is excessively burdensome is premised on the assertion that it permits the "arbitrary collection of *any* information that *any* local law enforcement agency might seek to collect," which could turn the registrant into an informer. We treat this assumption in the discussion of vagueness and overbreadth, *post.*

[3]Section 186.30 directs the registrant to the chief of police of the city in which he or she resides, or the county sheriff if the registrant lives in an unincorporated area. Thus, it is not true that "*any* local law enforcement agency" is entitled to collect information from the registrant, as defendant suggests.

██ "[A] law that is 'void for vagueness' not only fails to provide adequate notice to those who must·observe its strictures, but also 'impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.'" (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090,1116 [60 Cal.Rptr.2d 277, 929 P.2d 596], quoting *Grayned v. City of Rockford* (1972) 408 U.S. 104, 108-109 [92 S.Ct. 2294, 2298-2299, 33 L.Ed.2d 222].) Yet such dangers do not invariably result when the statute is given a practical construction in light of its context. A "statute will not be held void for vagueness 'if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.'" (*People ex rel. Gallo, supra,* at p. 1117.) ██ As we have discussed, the underlying purpose of the registration provision is to enhance law enforcement officers' ability to prevent gang-related crime by keeping informed of the location of known gang associates. "Registration requirements generally are based on the assumption that persons convicted of certain offenses are more likely to repeat the crimes and that law enforcement's ability to prevent certain crimes and its ability to apprehend certain types of criminals will be improved if these repeat offenders' whereabouts are known." (*People v. Adams* (1990) 224 Cal.App.3d 705, 710 [274 Cal.Rptr. 94].) In that light, section 186.32, subdivision (a)(2)(C), which is couched in language similar to the registration provisions for sex offenders, narcotics offenders, and arsonists,[4] may reasonably be construed to require descriptive or identifying information that aids law enforcement in monitoring the whereabouts of gang members and thus preventing gang-related violent crimes. So viewed, section 186.32 is not unconstitutionally vague.

For the same reason, section 186.32 does not abridge free speech and freedom of association. It does not compel answers to unlimited questions from law enforcement officers. The statute requires no more information than is necessary to carry out the legitimate purposes of the Gang Violence and Juvenile Crime Prevention Act of 1998, and is therefore not impermissibly overbroad.

---

[4]Registration by sex offenders entails "[a] statement in writing signed by the person, giving information as shall be required by the Department of Justice and giving the name and address of the person's employer, and the address of the person's place of employment if that is different from the employer's main address." (§ 290, subd. (e)(2)(A).) Narcotics offenders must register by providing "a statement in writing signed by such person, giving such information as may be required by the Department of Justice" as well as fingerprints and a photograph. (Health & Saf. Code, § 11594.) Arsonists similarly are required to provide "a statement in writing signed by the person, giving the information as may be required by the Department of Justice" along with fingerprints and a photograph. (§ 457.1, subd. (f).)

### 4. *Fifth and Sixth Amendments*

■ Defendant further contends that the requirement that a registrant provide "any information" the agency requires will subject him to violations of his right to remain silent and his right to have counsel present during questioning. Inasmuch as we have determined that the questioning is limited to descriptive information about the registrant, it does not implicate the Fifth or Sixth Amendment. Defendant will not be subjected to custodial interrogation or prosecution in violation of his right to remain silent or his right to counsel, nor can the challenged procedure be regarded as comparable to a "pre-indictment investigation" of a crime suspect.

### 5. *Single-subject Rule*

Defendant finally contends that Proposition 21 violates the single-subject rule contained in article II, section 8, subdivision (d) of California Constitution.[5] Recently, our Supreme Court decided this question, holding that the initiative did not violate the single-subject rule. (*Manduley v. Superior Court, supra,* 27 Cal.4th at p. 582.)

### *Disposition*

The judgment is affirmed.

Premo, Acting P. J., and Wunderlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 2, 2002.

---

[5]This provision states, "An initiative measure embracing more than one subject may not be submitted to the electors or have any effect." (Cal. Const., art. II, § 8, subd. (d).)