124 Cal.Rptr.2d 51 (2002)
101 Cal.App.4th 341
COCHRAN INVESTMENT COMPANY, INC., Plaintiff and Appellant,
v.
BANK OF AMERICA, Defendant and Respondent.
No. B155266.
Court of Appeal, Second District, Division Four.
August 19, 2002.
Rehearing Granted September 18, 2002.[*]
*52 Jerry La Cues, for Plaintiff and Appellant.
Ivanjack & Lambirth and Michael B. Tannatt, Los Angeles, for Defendant and Respondent.
CHARLES S. VOGEL, P.J.
Cochran Investment Company, Inc. (Cochran) appeals from a summary judgment in favor of Bank of America (Bank) on Cochran's cause of action against Bank under California Uniform Commercial Code section 3307 (hereafter section 3307) (taking instrument from a fiduciary with notice of breach of fiduciary duty).[1] We reverse. We hold that Cochran's cause of action satisfies the language of section 3307 and is not barred by the statute of limitations, because a late discovery rule applies to the accrual of the cause of action.

FACTUAL AND PROCEDURAL BACKGROUND
Ronald Henry Minkin was executor and sole beneficiary of the estate of his deceased mother.[2] In March 1996, Cochran loaned $60,000 to Minkin. Minkin executed a promissory note and, as security for the loan, Minkin assigned his beneficial interest in the estate to Cochran.[3] The loan was to be repaid out of the final distribution of the estate's assets.
Minkin as executor sold the subject real property of the estate. The escrow company issued a check for the proceeds of the escrow, more than $196,000, to "Ronald Henry Minkin, Executor, Estate of Rose Minkin Sabia, Deceased." The check was dated July 23, 1996. The following day, July 24, 1996, Minkin took the check to Bank, and Bank permitted Minkin to deposit the check in Minkin's personal account.
In November 1998, Cochran learned of this negotiation of the check. On May 18, 2000, Cochran filed the original complaint in this case. Cochran alleges that Minkin, without probate court approval, depleted the estate for his personal use and is unable to pay Cochran, who "is a creditor of the Estate as well as the beneficial owner of the proceeds from the sale of the real property." Cochran alleged Bank's liability under section 3307.
The trial court granted summary judgment in favor of Bank on Cochran's sole cause of action against Bank under section *53 3307. The trial court held: (1) Cochran's cause of action is barred by a three-year statute of limitations, because the check was deposited on July 24, 1996, and the complaint was not filed until May 18, 2000; and (2) Cochran is not a "represented person" within the meaning of section 3307, because Cochran was to be paid out of the final distribution of the estate, and the check in question was not part of the final distribution.
Under the circumstances the issues presented are questions of law for our independent review. (Code Civ. Proc., § 437c, subd. (c); R.J. Land & Associates Construction Co. v. Kiewit-Shea (1999) 69 Cal. App.4th 416, 424, 81 Cal.Rptr.2d 615.)

DISCUSSION
Section 3307 "states rules for determining when a person who has taken an instrument from a fiduciary has notice of a breach of fiduciary duty that occurs as a result of the transaction with the fiduciary." (Official Comments (hereafter Code Comment) on U. Com.Code, 23A pt. 2 West's Ann. Cal. U. Com.Code (2002 ed.) com. 1 foil. § 3307, p. 357.) The significance of notice is that the taker does not have the rights of a holder in due course. (Ibid.)[4]
Under section 3307, subdivision (b), "If (i) an instrument is taken from a fiduciary for payment or collection or for value, (ii) the taker has knowledge of the fiduciary status of the fiduciary, and (iii) the represented person makes a claim to the instrument or its proceeds on the basis that the transaction of the fiduciary is a breach of fiduciary duty, the following rules apply: [§]... [¶] (2) In the case of an instrument payable to the represented person or the fiduciary as such, the taker has notice of the breach of fiduciary duty if the instrument is . . . (C) deposited to an account other than an account of the fiduciary, as such, or an account of the represented person." Fiduciary includes a representative owing a fiduciary duty with respect to an instrument. (§ 3307, subd. (a)(1).) Represented person includes a beneficiary or other person to whom the fiduciary duty is owed. (§ 3307, subd. (a)(2).)
Here, Minkin, the executor of an estate, was a fiduciary. Cochran was a beneficiary of the estate by virtue of Minkin's assignment of his beneficial interest in the estate to Cochran. (See fn. 3, ante.) As executor Minkin owed a fiduciary duty to the beneficiaries of the estate with regard to estate assets. We find no merit to Bank's contention that Cochran is not a represented person merely because it is undisputed Cochran would be paid out of the final distribution and this was not a final distribution check. A decedent's property is subject to administration and subject to the rights of beneficiaries and creditors. (Prob.Code, § 7001.)
Bank suggests it did not have knowledge of the fiduciary status of the fiduciary, the triggering prerequisite in section 3307, subdivision (b)(ii). Bank cites the Code Comment that "knowledge" of the fiduciary status is required, not merely "notice." (Code Comment, supra, com. 2 foil. § 3307, pp. 357-358.) Here, however, Bank had knowledge of the fiduciary status of the fiduciary, because the check on its face was made payable to Minkin as executor of an estate. Therefore, *54 the trigger in section 3307, subdivision (b)(ii) is satisfied. (2 White & Summers, Uniform Commercial Code (4th ed.1995) § 19-5, p. 273.) Thus, section 3307, subdivision (b)(2)(C) states the rule that applies: In the case of an instrument "payable to ... the fiduciary as such [here, Minkin as executor of an estate], the taker [Bank] has notice of the breach of fiduciary duty if the instrument is ... deposited to an account other than an account of the fiduciary, as such [here, deposited to Minkin's personal account, which is an account other than an account of Minkin as executor of the estate]."
Bank argues it had no notice or knowledge of Cochran's existence or that Minkin had assigned an interest to Cochran. But the code does not require that Bank have such notice or actual knowledge. The necessary notice arises from the check's being payable to a fiduciary as such and being deposited in an account other than an account of the fiduciary as such. (§ 3307, subd. (b)(2).) This is the rule established by the statutory language. After observing a prior split of authority on whether a bank is on notice of a breach of fiduciary duty merely because fiduciary funds are deposited to a personal account of the fiduciary, the Code Comment explained, "Subsection (b)(2)(iii) states that the bank is given notice of breach of fiduciary duty because of the deposit." (Code Comment, supra, com. 3 foil. § 3307, pp. 357-358, italics added.)[5] "The rationale of subsection (b)(2) is that it is not normal for an instrument payable to the ... fiduciary, as such, to be used for the personal benefit of the fiduciary. It is likely that such use reflects an unlawful use of the proceeds of the instrument." (Id. at p. 358.)
The trial court's other ground for summary judgment was the statute of limitations. Section 3118, subdivision (g) provides that an action "to enforce an obligation, duty, or right arising under this division" shall be commenced "within three years after the cause of action accrues." It does not define when a cause of action accrues. (Code Comment, supra, com. 1 foil. § 3118, p. 235.) It "does not attempt to state all rules with respect to a statute of limitations." (Ibid.)
In its motion for summary judgment Bank assumed the cause of action accrued upon deposit of the check into Minkin's personal account on July 24, 1996, and contended the statute of limitations expired on July 24,1999. Bank assumed and adopted as one of its own alleged undisputed facts that Cochran "learned of the negotiation of the check in November 1998." In opposition to summary judgment, Cochran agreed as an undisputed fact that Cochran learned of the negotiation of the check in November 1998. Cochran contended a delayed discovery rule applies, and the complaint filed less than three years after November 1998 was therefore timely. Neither party litigated, on this summary judgment motion, whether Cochran acted diligently. We do not resolve that issue nor preclude Bank from raising it after remand. But this appeal squarely raises the issue whether a delayed discovery rule applies to the running of the statute of limitations on a cause of action under section 3307.
*55 There are no cases on this issue. Cochran contends that under California law the fraudulent concealment of a cause of action for conversion by a fiduciary delays accrual or tolls the statute of limitations until the plaintiff discovers or should have discovered the conversion. (Citing Strasberg v. Odyssey Group, Inc. (1996) 51 Cal. App.4th 906, 915-918, 59 Cal.Rptr.2d 474.) Bank replies this may be the rule as against the faithless fiduciary (Minkin), but not necessarily as against Bank. Bank points out that Cochran did not allege a fraud cause of action against Bank or specifically allege fraudulent concealment by Bank, but merely a statutory cause of action under section 3307. Cochran replies that the cause of action against Bank is "derivative" of the cause of action against Minkin, and furthermore, "[Bank's] liability is based [under sections 3306 and 3307] on its taking of an instrument ... with notice of Defendant Minkin's breach of fiduciary duty."
Bank also contends a strong line of authority "involving checks" favors a rule that the statute of limitations commences to run on the negotiation of a check, not the later discovery of injury. None of these cases involved liability under section 3307. The body of law cited by Bank typically involves a bank having paid an instrument upon a forged endorsement; in such situations the bank is typically regarded as an innocent party, and the victim is the account holder who had the opportunity to review monthly statements and cancelled checks or otherwise guard against forgery or embezzlement. (E.g., Menichini v. Grant (3d Cir.1993) 995 F.2d 1224.)
The situation in the present case is different. Cochran was not the account holder in a position to review monthly statements as to Minkin's account, and Cochran was not due to be paid until final distribution of the estate's assets. Furthermore, the liability imposed on Bank under section 3307 connotes wrongful conduct on the part of Bank. The liability of Bank is based on the rationale that it is not normal for an instrument payable to a fiduciary, as such, to be deposited in the personal account of the fiduciary, and it is likely that such use reflects an unlawful use of the proceeds of the instrument. (Code Comment, supra, com. 3 foil. § 3307, p. 358; see Sun `n Sand, Inc. v. United California Bank (1978) 21 Cal.3d 671, 678, 690, 148 Cal.Rptr. 329, 582 P.2d 920 [faithless employee obtained corporate signatures on checks in small amounts payable to bank, then altered the amounts substantially, presented them to bank, and bank permitted the proceeds to be deposited in the employee's personal account; "Sun `n Sand alleges that the checks at issue were drawn to the order of [bank] as payee but were nonetheless negotiated by a Sun `n Sand employee (fiduciary) for her own benefit. These facts suggest an irregularity in the negotiation of the checks which at the very least creates an ambiguity as to the proper disbursement of the funds represented by the checks; indeed, the facts present the situation [of knowledge that a fiduciary has negotiated an instrument for her own benefit or otherwise in breach of duty, so as to provide] affirmative indications that an improper party is attempting to procure payment. [Under prior Uniform Commercial Code provisions this established adequate notice to] preclude the bank from holder in due course status."].) We are not persuaded, therefore, by Bank's citations of forgery cases in which courts rejected a late discovery rule.
We conclude that in a case alleging liability of a bank under section 3307 for taking an instrument from a fiduciary with notice of breach of fiduciary duty, the represented person may rely on delayed discovery *56 of the injury to postpone the accrual of the cause of action. This is the type of case where it would be manifestly unjust to hold the statute of limitations ran regardless of the plaintiffs lack of knowledge. (See Craig v. City of Poway (1994) 28 Cal.App.4th 319, 342, 33 Cal.Rptr.2d 528; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 463, p. 583.)

DISPOSITION
The judgment is reversed. Costs on appeal are awarded to Cochran.
We concur: EPSTEIN, and CURRY, JJ.
NOTES
[*] Opinion filed December 19, 2002, not certified for publication.
[1] All further statutory references are to the California Uniform Commercial Code unless otherwise indicated.
[2] Cochran also sued Minkin for conversion, breach of contract, and breach of fiduciary duty. These causes of action are not before us, nor is Minkin a party to this appeal.
[3] The assignment, attached to the complaint, states: "IRREVOCABLE ASSIGNMENT OF BENEFICIAL INTEREST IN DECEDENT'S ESTATE [¶] I ... Ronald Henry Minkin, (`ASIGNOR'), for good and valuable consideration, do[ ] irrevocably and absolutely assign, transfer to Cochran Investment Company, Inc. (`ASSIGNEE'), my .. . beneficial interest as heir, legatee, devisee or otherwise, in the estate of Rose Minkin Sabia ..., decedent in this proceeding to the extent of $50,000.00 plus interest, costs, fees, late charges and attorney fees and conditions contained in a Promissory Note dated 3/12/1996, a copy of which is marked Exhibit `A' attached hereto and incorporated herein, reserving to ASSIGNOR the remaining beneficial interest. This Assignment is executed to secure a loan, evidenced by the Promissory Note (Exhibit 'A') and a Deed of Trust securing said Promissory Note, a copy of which is marked as Exhibit `B' attached hereto and incorporated herein."
[4] "A person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds. A person having rights of a holder in due course takes free of the claim to the instrument." (§ 3306.)
[5] "Section 3-307(b) thus resolves a split of authority under old Article 3 in determining whether the fiduciary's deposit of a check into his own personal bank account gives notice to the bank of his breach of fiduciary duty. Under revised Article 3, the bank takes the instrument with notice of the breach of fiduciary duty where the fiduciary deposits the check into his own personal account." (6 Hawkland & Lawrence, Uniform Commercial Code Series (1999)[Rev] § 3-307:5, pp. Rev. Art. 3-369 to 3-370, fns. omitted.)