[No. H023635. Sixth Dist. Jan. 31, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL AGUAYO SANCHEZ, Defendant and Appellant.

**COUNSEL**

Kathleen Woods Novoa, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Eric D. Share and Dorian Jung, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PREMO, J.**—Defendant Michael Aguayo Sanchez pled no contest to one count of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and admitted that the assault was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). He appeals from an order after judgment (§ 1237, subd. (b)) by which the trial court modified the conditions of probation requiring him to register with the Gilroy Police Department pursuant to sections 186.30 and 186.32, the "gang registration" law. Among other things, the court's order required defendant to disclose the "Areas frequented" by him. We shall modify the court's order to strike the requirement that defendant disclose "Areas frequented" and as modified, affirm the judgment.

### A. PROCEDURAL BACKGROUND

Following defendant's conviction of assault he was granted probation and required to register with law enforcement pursuant to sections 186.30 and 186.32. Section 186.30 requires any person convicted of participating in a criminal street gang (§ 186.22, subd. (a)), convicted of a crime that the court finds is gang related, or as to whom the gang enhancement of section 186.22 subdivision (b) has been found to be true, to register with his or her local law enforcement agency. (§ 186.30, subd. (a).) Among the registration requirements is the provision that the person provide a written statement "giving *any information* that may be required by the law enforcement agency . . . ." (§ 186.32, subd. (a)(2)(C), italics added.) In his first appeal (*People v. Sanchez* (2002) 101 Cal.App.4th 324 [124 Cal.Rptr.2d 56], review granted Nov. 13, 2002, S110263 (*Sanchez I*)) defendant challenged this requirement on several constitutional grounds.[2]

In early September 2001, well before his first appeal was decided, defendant went to the Gilroy Police Department to register. His appellate attorney went with him. The police department would not permit defendant's attorney to be present during the registration process. The police department presented defendant with a form to fill out and among the disclosures the form

---

[1] Further statutory references are to the Penal Code unless otherwise stated.

[2] The California Supreme Court granted review of our decision in *Sanchez I* and ordered briefing deferred pending its decision in *In re Walter S.* (2001) 89 Cal.App.4th 946, review granted September 19, 2001, S099120. We granted defendant's request to take judicial notice of the record in *Sanchez I*.

requested were: "AREAS FREQUENTED BY GANG/TERRITORY" and "ALIASES/GANG MONIKERS." Defendant declined to complete the form. He sought an order of the superior court limiting the information that the police department could collect and permitting his attorney to accompany him when he again attempted to register.

On September 24, 2001 the trial court partially granted defendant's motion. The court ordered that "Areas frequented by gang" be changed to "Areas frequented by Mr. Sanchez," and "Aliases/gang monikers" be changed to "Alias and/or monikers." The court refused to order that counsel be permitted to accompany defendant when he registers. It is from this order after judgment that defendant appeals.

## B. Issues

Defendant contends (1) that the requirement that he disclose the areas he frequents is unconstitutionally vague and violates his right to travel, (2) that the request for "monikers" violates his Fifth Amendment right to remain silent, and (3) that he is entitled to the presence of counsel during the registration process.

## C. Discussion

### 1. *Areas Frequented*

Defendant contends that the court's order requiring him to disclose the areas he frequents violates his right to due process under the Fifth and Fourteenth Amendments because it is so vague. The People have not taken a position on the argument. Because we conclude that the requirement is impermissibly vague, we need not reach defendant's alternate argument that it restricts his right to travel.

In *Sanchez I*, we held that the written statement required by section 186.32 was intended to improve law enforcement's ability to prevent gang-related crimes by keeping the agency informed of the registrants' whereabouts.[3] We construed the requirement that the registrant give "any information"

---

[3]Although the Supreme Court's disposition of *Sanchez I* is pending, the court limited the question on review to whether the gang registration requirement constitutes punishment for purposes of the cruel or unusual punishment provision of the state Constitution. No decision has intervened that would cast doubt upon the validity of our determination of the other issues in *Sanchez I*. Therefore, to the extent our disposition of *Sanchez I* applies, *Sanchez I* has become the "law of the case." (See *People v. Shuey* (1975) 13 Cal.3d 835, 845-846 [120 Cal.Rptr. 83, 533 P.2d 211]; *People v. Ghent* (1987) 43 Cal.3d 739, 758-759 [239 Cal.Rptr. 82, 739 P.2d 1250].)

(§ 186.32, subd. (a)(1)(C) & (2)(C)) to mean that the registrant must provide information from which the law enforcement agency could locate him or her. We noted that such information would include the person's full name, any aliases or gang monikers or change of name, the person's date of birth, residence address, description and license plate number of any vehicle the person owns or drives, and information regarding the person's employment or school. The requirement that defendant disclose the areas he frequents seeks information that, arguably, would assist the police department in locating him. We agree with defendant, however, that the phrase "areas frequented" is impermissibly vague.

■ "Vagueness may invalidate a criminal law for either of two independent reasons. First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement." (*Chicago v. Morales* (1999) 527 U.S. 41, 56 [119 S.Ct. 1849, 1859, 144 L.Ed.2d 67, 72 A.L.R.5th 665].) "[V]ague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." (*United States v. Batchelder* (1979) 442 U.S. 114, 123 [99 S.Ct. 2198, 2204, 60 L.Ed.2d 755].)

■ The trial court's order fails to accord defendant due process in that "areas frequented" has no fixed meaning such that defendant can know what information he is expected to disclose and it places excessive discretion in law enforcement for its interpretation. The dictionary definition of the verb form of "frequent" is "to associate with, be in, or resort to often or habitually: visit often." (Webster's 3d New Internat. Dict. (1993) p. 909.) Relying upon this definition, one cannot determine with any degree of confidence whether the registrant must list places where he or she may be found daily, weekly, or even a couple of times a month. Furthermore, it is not just the frequency with which the registrant may be found at a particular place that is uncertain; it is also the type of "area" that must be listed that is unclear. Given this uncertainty, the registrant cannot know either whether failing to list a place he goes to with some regularity, or going to a place he has not listed, would constitute a violation of the statute and of his probation. That portion of the trial court's order requiring defendant to identify "areas frequented" is impermissibly vague and must be stricken.

### 2. Monikers

Defendant contends that the term "moniker" is commonly associated with street gang nicknames and that by requiring he list his "moniker" the trial

court has infringed his Fifth Amendment right to remain silent because it demands that he admit his association with a gang.[4]

The right to remain silent does not apply to "questions seeking biographical information for booking purposes." (*Gladden v. Roach* (5th Cir. 1989) 864 F.2d 1196, 1198; cf. *People v. Powell* (1986) 178 Cal.App.3d 36, 40 [223 Cal.Rptr. 475].) Just as routine booking information concerning a person's identity and address is not incriminatory, neither is the limited disclosure contemplated by the modified registration requirement in this case. In requiring defendant to list his or her "alias and or monikers" the order merely requires revelation of all names by which he is known to others, including but not limited to those names by which he is known among gang members. Requiring the defendant to disclose all his aliases, including his gang names, is consistent with the purpose of the registration requirement, i.e., minimizing the "significant threat" to public safety and health posed by criminal street gangs (Voter Information Guide, Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (b), p. 119). If defendant has an alias by which he is known among gang members or anyone else it would be important for law enforcement to know what it is in order to keep track of him and thereby advance the purpose of the law.

We conclude that the trial court's order requiring defendant to disclose his "alias and/or monikers" does not infringe defendant's right against self-incrimination.

### 3. *Right to Counsel*

Defendant contends that the registration process constitutes potentially incriminating custodial interrogation triggering his Fifth Amendment right to remain silent and the ancillary right to have counsel present during such an interrogation. (*Miranda v. Arizona* (1966) 384 U.S. 436, 470 [86 S.Ct. 1602, 1625-1626, 16 L.Ed.2d 694, 10 A.L.R.3d 974].) As we explained in *Sanchez I,* the Sixth Amendment right to counsel does not attach when a person attempts to register pursuant to section 186.32 because it is not contemplated that the registrant will be the subject of criminal proceedings at the time. (See generally *McNeil v. Wisconsin* (1991) 501 U.S. 171, 177-178 [111 S.Ct. 2204, 2208-2209, 115 L.Ed.2d 158]; *Massiah v. United States* (1964) 377 U.S. 201, 204-206 [84 S.Ct. 1199, 1201-1203, 12 L.Ed.2d 246].)

Defendant may only invoke the privilege against self incrimination if he is confronted by a substantial and " 'real' " hazard of incrimination. (*Marchetti*

---

[4] In *Sanchez I* we explained that information that the law enforcement agency could use to locate a registrant would include the registrant's full name and any aliases or gang monikers. Our use of the term "monikers" was illustrative and was not necessary to the decision. It is therefore necessary for us to consider whether, as defendant contends, listing one's "moniker" constitutes an incriminating disclosure.

*v. United States* (1968) 390 U.S. 39, 53 [88 S.Ct. 697, 705, 19 L.Ed.2d 889].) If the written statement requirement of section 186.32 is narrowly construed as we have held that it should be (see *People v. Bailey* (2002) 101 Cal.App.4th 238, 245 [123 Cal.Rptr.2d 729]), a law enforcement officer taking the registration would not expect to elicit an incriminating response. (*People v. Hall* (1988) 199 Cal.App.3d 914, 921 [245 Cal.Rptr. 458].) Any hazard of incrimination is speculative and insufficient to implicate defendant's right to remain silent and the related right to have counsel present. Therefore, the trial court did not err in refusing to require the law enforcement agency to permit defendant's attorney to assist him during the registration process.

## D.   DISPOSITION

The condition set forth in the trial court's order of September 24, 2001, requiring defendant to list "Areas frequented by Mr. Sanchez" is stricken. As so modified, the judgment is affirmed.

Rushing, P. J., and Wunderlich, J., concurred.

A petition for a rehearing was denied February 27, 2003.