Filed 3/7/22  P. v. Contreras CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>IGNACIO CONTRERAS,<br><br>       Defendant and Appellant. | A162456<br><br>(San Mateo County<br>Super. Ct. No. 19SF003450A) |

Defendant Ignacio Contreras pleaded no contest to assault and felony vandalism — the latter committed to promote criminal conduct by gang members.  (Pen. Code, § 186.22, subd. (b)(1).)[1]  During Contreras's sentencing, the trial court ordered him to register with local law enforcement as a gang member.  It also reserved jurisdiction over restitution to Contreras's victims, in an amount to be determined.

On appeal, Contreras argues his victims did not report any damages by the time of his sentencing, and the trial court thus erroneously reserved jurisdiction on the restitution amount.  He also argues Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill No. 333) — recently enacted legislation amending the substantive and procedural requirements regarding gang enhancements — eliminated gang enhancements for felony vandalism

---

[1] Undesignated statutory references are to the Penal Code.

1

convictions, and we must strike his enhancement and registration. (Stats. 2021, ch. 699, § 3, eff. Jan. 1, 2022.) We disagree and affirm.

## BACKGROUND

In 2020, Contreras pleaded no contest to felony vandalism (§ 594, subd. (b)(1)), committed to further a criminal street gang (§ 186.22, subd. (b)(1)(A)). He also pleaded no contest to assault (§ 245, subd. (a)(4)). The trial court sentenced him to two years for his assault conviction and eight months for vandalism, to be served consecutively. Punishment on the gang enhancement was stayed, but the court ordered Contreras to register as a gang member. (§ 186.30, subds. (a)-(b)(2).)

Contreras's probation report noted there were nine vandalism victims, three of whom were not seeking restitution. Another victim was undecided about submitting a restitution claim. The City of South San Francisco, another victim, stated that it was not interested in submitting a restitution claim, but the probation department was unable to verify the city's statement. The report also stated the four remaining victims did not submit any restitution claims, but probation was unable to contact them. On that basis, probation recommended Contreras be ordered to pay restitution "in amounts to be determined" to the City of South San Francisco and the five victims who had not affirmatively declined restitution.

During Contreras's March 2021 sentencing hearing, the trial court speculated the victims may not be seeking restitution because they feared retaliation. It then ordered "restitution [to] be reserved in an amount to be determined."

## DISCUSSION

Contreras argues the trial court erroneously reserved jurisdiction over the amount of restitution. This argument is meritless.

2

Victim restitution is mandated in every case " 'in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary.' " (*People v. Giordano* (2007) 42 Cal.4th 644, 652; § 1202.4.)  To the extent possible, the trial court must "identify each victim and each loss to which it pertains." (§ 1202.4, subd. (f)(3).)  Restitution payments must be in a dollar amount sufficient to fully reimburse the victim "for every determined economic loss incurred as the result of the defendant's criminal conduct." (*Ibid.*)  The amount is established by court order, "based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).)  But if "the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court." (*Ibid.*)  In those circumstances, the court retains "jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined." (§ 1202.46.)

By ordering restitution "be reserved in an amount to be determined," the trial court here appropriately ordered victim restitution at the time of Contreras's sentencing "and followed the statutory procedure that permits determination of the amount of loss at a later hearing." (*People v. Bufford* (2007) 146 Cal.App.4th 966, 971–972.)  We are not persuaded by Contreras's assertion that damages from vandalism are easily ascertainable and thus there was no reason for deferring imposition of the amount to a later date. As Contreras acknowledges, probation was unable to contact several of his victims, and another was undecided about seeking restitution.  And the court speculated the victims did suffer damages but simply failed to report them for fear of retaliation.  The uncertainty of whether the victims would seek restitution combined with the lack of economic loss reports by the victims

prevented fixing the amount of restitution during Contreras's sentencing hearing. (*Id.* at p. 971 [there is no "limitation on the permissible reasons that may prevent fixing the amount of restitution"].) Reserving jurisdiction until the court could determine the restitution amount was proper. (§ 1202.46.)

To the extent Contreras suggests reserving jurisdiction was inappropriate because some of the victims refused to seek restitution, we disagree. A court may award restitution upon any showing, even if a victim does not initiate the request. (§ 1202.4, subd. (f); *People v. Selivanov* (2016) 5 Cal.App.5th 726, 784 [§ 1202.4 is "devoid of any language limiting the class of compensable victims to those who affirmatively request restitution"].) "Instead, 'someone,' such as the People, may initiate the restitution process on behalf of a victim." (*Selivanov*, at p. 785.) We further reject Contreras's unsupported suggestion that reserving jurisdiction is only proper for economic losses that are typically not readily ascertainable, such as lost wages and medical expenses. Reserving jurisdiction on the amount of restitution is not limited to specific categories of economic losses — the only requirement is that the amount of loss cannot be ascertained at the time of sentencing. (§ 1202.4, subd. (f).) Those were the circumstances here.

Contreras next argues Assembly Bill No. 333 eliminated felony vandalism from the list of offenses subject to a gang enhancement under section 186.22. Consequently, he argues, we must strike his gang enhancement and the requirement that he register as a gang member. We agree the ameliorative changes in Assembly Bill No. 333 apply retroactively to Contreras. (*People v. Nasalga* (1996) 12 Cal.4th 784, 792 [ameliorative legislation applies retroactively to sentencing enhancements].) But after reviewing the amended statute de novo and giving the statute's words their plain and ordinary meaning, we disagree with Contreras's reading. (*People v.*

4

*Lewis* (2021) 11 Cal.5th 952, 961 [standard of review for cases of statutory construction].)

A defendant who commits a felony "for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members" is subject to increased punishment upon conviction — a gang enhancement and consequently, registration. (§§ 186.22, subd. (b)(1), 186.30, subds. (a)-(b)(2) [persons convicted of a crime where a gang enhancement pursuant to § 186.22, subd. (b) has been found to be true, must register with the local law enforcement agency as a criminal street gang member]; *People v. Sanchez* (2003) 105 Cal.App.4th 1240, 1242.) Nothing in Assembly Bill No. 333 changed the list of predicate felonies that expose a defendant to gang enhancement and registration. Indeed, it left section 186.22, subdivision (b)(1) — the gang enhancement allegation to which Contreras pleaded no contest — relatively unmodified. (Stats. 2021, ch. 699, § 3, eff. Jan. 1, 2022; compare § 186.22, subd. (b) with former § 186.22, subd. (b).) That section simply provides different levels of sentencing enhancements depending on whether the felony is serious or violent. (§ 186.22, subd. (b)(1).) It does not limit the felonies that qualify for a gang enhancement. (*Ibid.*) Consequently, there is no basis for striking Contreras's gang enhancement or his gang registration.

We acknowledge Assembly Bill No. 333 eliminated felony vandalism from the list of offenses in section 186.22, subdivision (e)'s definition of a "pattern of criminal gang activity." (Stats. 2021, ch. 699, § 3, eff. Jan. 1, 2022; § 186.22, subd. (e) ["pattern of criminal gang activity" means, among other things, the commission of two or more of enumerated offenses]; § 186.22, subd. (f) [to qualify as a "criminal street gang," there must be,

5

among other things, "an ongoing, organized association or group of three or more persons . . . whose members collectively engage in, or have engaged in, *a pattern of criminal gang activity*," italics added].)  But that change does not assist Contreras as he does not dispute he was a member of a criminal street gang, or that the gang engaged in a pattern of criminal gang activity.

Finally, Contreras notes the abstract of judgment incorrectly calculates his restitution fines and assessments for a total of $470.  We agree this amount is incorrect.  During Contreras's sentencing, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)); two $40 court operations assessments (§ 1465.8); and two $30 court facilities assessments (Gov. Code, § 70373, subd. (a)(1)).  The correct total for Contreras's fines and assessments is thus $440.  We order the court records modified to conform to the court's oral pronouncement of judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [oral pronouncement of a judgment controls where there is a discrepancy with the abstract of judgment].)

## DISPOSITION

The judgment is affirmed.  We direct the trial court to prepare a corrected abstract of judgment to reflect the imposition of $440 total for Contreras's section 1202.4, subdivision (b) fine, section 1465.8 court operations assessments, and Government Code section 70373 court facilities assessments, and to deliver a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Fujisaki, J.

A162456