[No. B142094. Second Dist., Div. Four. July 19, 2001.]

In re EDUARDO C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
EDUARDO C., Defendant and Appellant.

## COUNSEL

Fay Arfa, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Marc E. Turchin, Acting Assistant Attorney General, William T. Harter, Erika D. Jackson and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HASTINGS, J.**—Appellant, Eduardo C., pled guilty to the crime of battery on a school ground. (Pen. Code, § 243.2, subd. (a); all further references will be to this code unless otherwise noted.) Appellant was placed home on probation for a period of one year and was additionally ordered to register with the local police department as a gang member pursuant to section 186.30. Appellant challenges the order to register on various constitutional grounds, and as applied to him. We conclude the record is devoid of any facts supporting imposition of the duty to register on appellant and we reverse that portion of the sentence.

### STATEMENT OF FACTS

On April 24, 2000, a juvenile petition was filed against appellant alleging a single count: "On or about 01/05/2000 within the County of Los Angeles,

the crime of BATTERY ON SCHOOL, PARK, OR HOSPITAL PROPERTY, in violation of PENAL CODE 243.2(A), a Misdemeanor, was committed by said minor, who did willfully and unlawfully use force and violence upon RAYMOND [C.] while on school and park property and on the grounds of a public and private [school]."

Appellant was arraigned on April 24, 2000, and denied the allegations of the petition.

On May 23, 2000, appellant was present for pretrial conference and a plea bargain was apparently reached. Upon inquiry by the court of the bargain agreed to, counsel for appellant replied: "H.O.P. plus 10 days." The court had the prosecutor advise appellant regarding the consequences of his change of plea and obtain waivers of appellant's constitutional rights. At no time during the advisement of the consequences of the plea or the taking of waivers, was appellant advised that he would be required to register as a gang member if he admitted the charges. Appellant did admit the charges and his counsel joined in the waivers and admission. The court then proceeded to sentencing and listed a number of conditions of probation, many of which were designed to direct appellant away from gang related activity. While listing these conditions, the following exchange occurred:

"THE COURT: 15(a), this is a big one, do not participate in any type of gang activity. You are ordered to stay [a]way from Azusa 13 gang members and places where they hang out. *You are also ordered by the court within 48 hours after you are released from this Ricardo M. time to report to the local police agency in that area.* Is that the Sheriffs?

"MR. ROSE: That would be Azusa Police Department.

"THE COURT: Azusa Police Department to be fingerprinted and photographed and then you're going to be ordered to come back here to show proof that you have done that.

"MR. CHEUNG [counsel for appellant]: *Your Honor, there's going to be an objection to that condition.*

"THE COURT: Gang conditions. According to this report, your client is heavily involved in gangs.

"MR. CHEUNG: As to registration and fingerprinting, Your Honor.

"THE COURT: Well, that's part of Prop. 21.

"MR. CHEUNG: I understand, Your Honor.

"THE COURT: So that if you fail to do that, that's a separate misdemeanor. It's a separate crime. So we'll get to the dates as to when you have to report and when you have to come back." (Italics added.)

A timely notice of appeal was filed on June 2, 2000. Further facts will be presented in the following discussion.

### DISCUSSION

Section 186.30, added to the Penal Code by Initiative Measure, Proposition 21, provides as follows:

"(a) Any person described in subdivision (b) shall register with the chief of police of the city in which he or she resides, or the sheriff of the county if he or she resides in an unincorporated area, within 10 days of release from custody or within 10 days of his or her arrival in any city, county, or city and county to reside there, whichever occurs first.

"(b) Subdivision (a) shall apply to any person convicted in a criminal court or who has had a petition sustained in a juvenile court in this state for any of the following offenses:

"(1) Subdivision (a) of Section 186.22.

"(2) Any crime where the enhancement specified in subdivision (b) of Section 186.22 is found to be true.

"(3) Any crime that the court finds is gang related at the time of sentencing or disposition." (§ 186.30.)

Appellant raises numerous facial constitutional challenges to this section, many of which were rejected recently in *In re Walter S.* (2001) 89 Cal.App.4th 946 [107 Cal.Rptr.2d 752]. We conclude that we need not address the constitutional issues because appellant has also raised an "as applied" challenge to section 186.30 which is dispositive.

The only justification in the record for the order requiring appellant to register with the Azusa Police Department is the following statement by the court: "According to this report, your client is heavily involved in gangs." We therefore turn to the probation report to which the court was referencing.

Under the heading "Elements and Relevant Circumstances of the Offense," the following is contained: "According to the Azusa Police Department, the minor and his aforementioned companions [Donald S. and Jorge S.

—no other identification offered] had a physical altercation with the listed victim. Referral documents further indicate that the victim was contacted by the aforementioned companions as he sat in front of Sierra High School. Referral documents along with witness statements further indicate that the victim began to fight with said companions. [¶] Shortly thereafter the minor reportedly arrived on a bicycle. The minor joined the fight and repeatedly struck the victim. School personnel were eventually able to restore order. The victim was reportedly not seriously injured."

Next under the title "Victim Statement" the following is set out: "Probation officer spoke with Ramona [R.], who identified herself as being the victim's grandmother. She indicated that the victim was not seriously injured and sustained several facial bruises. She also disclosed that the victim has done his very best to avoid the minor and the other youngsters involved. Since the aforementioned episode, the grandmother disclosed that she along with the victim's mother transferred the victim to another school. This action was taken reportedly in order to insure the victim's continued safety."

Under the title "Prior Record," four police contacts are listed as follows:

"10-2-97—Azusa Police Department—422.6(a) Penal Code (violate civil rights by force); 242 Penal Code (battery); 186.22(a) Penal Code (participate in criminal street gang); *Disposition unknown.* [¶] (The minor indicates not recalling circumstances surrounding this incident.)

"2-5-98—Azusa Police Department—unspecified municipal court infraction; referred to juvenile traffic court. [¶] (The minor indicates being cited by police officers after he was out late at night at a public park.)

"2-4-99—Azusa Police Department—422 Penal Code (terrorist threats); petition sustained on 3-9-99. The minor was placed on formal probation. [¶] (The minor indicates walking with several friends who started to threaten other youngsters standing nearby. The minor denied having any direct involvement in this episode.)

"8-17-99—Azusa Police Department—unspecified municipal court infraction; referred to juvenile traffic court. [¶] (The minor indicates not recalling said offense.)"

Under the title "Gang Activity," the box "Yes" is checked and the gang name of "Azusa 13" is listed. Below this is the following: "Referral documents indicate that the minor is connected with the above listed street gang. In addition, the minor has 'SGV' tattooed on his left arm. This particular tattoo is commonly used by gang members in the San Gabriel Valley."

Under the heading "Analysis and Plan," the following is discussed:

"Before the court is a 17-year-old minor who along with his listed companions chose to attack said victim on school grounds. Referral documents indicate that the victim first began to struggle with the minor's companions, whereupon the minor arrived and joined in. Fortunately school personnel were able to intervene and the victim was not seriously injured.

"As indicated, the minor chose to remain silent. Therefore, probation officer was unable to retrieve additional insight into the minor's hostile misbehavior. The present offense is not an isolated incident.

"Previously the minor was placed on probation after a petition centering on making terroristic threats was sustained. The minor also has previous police contacts which involved battery, gang activity and unspecified municipal code infractions. Unless appropriate measures are taken, the minor's aforementioned anti-social lifestyle may continue to escalate.

"Currently the minor resides with his parents and siblings. The minor's parents essentially viewed him as being well-behaved. However, the father disclosed that the minor occasionally stays out late and prefers to associate with individuals who he does not approve of.

"In regards to the present offense, each parent evidently lacked significant insight into the minor's behavior. However, the minor's parents evidentially [sic] realize he needs guidance. They recently enrolled the minor in a counseling program which reportedly will address the minor's academic problems and related issues. Also, the minor's parents recently completed a parenting course.

"Despite these efforts, the minor still does not appear to be receiving adequate levels of parental control/supervision. This assessment is supported by the minor's apparent gang connections, questionable school status, prior police contacts, and his involvement in the present offense. The minor needs to receive long-term probation intervention.

"Should the above petition be sustained, probation officer would view formal probation as being the best option. If so granted, probation officer would strongly suggest that the minor complete 100 hours of community service. In addition, the minor's formal probation should stress no further gang/victim contact, participation in a family counseling program, participation in an anger management program, adherence to an 8:00 p.m. curfew, satisfactory school attendance/performance and absolute compliance with all mandated conditions."

■ The foregoing report contains substantial information justifying gang-related conditions placed on appellant during his term of probation. (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1501-1502 [281 Cal.Rptr. 6], disapproved on other grounds in *In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2, 983, fn. 13 [55 Cal.Rptr.2d 771, 920 P.2d 716]; *In re Michael D.* (1989) 214 Cal.App.3d 1610, 1614-1616 [264 Cal.Rptr. 476].) But it does not contain substantial evidence to support imposition of the reporting requirement of section 186.30. There is nothing in the record to satisfy any of the three conditions necessary to impose the reporting requirement.

While the entry in the report under date of October 2, 1997, lists as one of the crimes potentially committed a violation of section 186.22, subdivision (a), it also states "Disposition unknown." Thus, appellant may or may not have been convicted of a violation qualifying for treatment under section 186.22, subdivision (b)(1). There is no indication in the report that appellant ever suffered a sentence enhancement to qualify for treatment under section 186.22, subdivision (b)(2). Finally, there is nothing in the record from which a finding can be sustained that the present crime was gang related to qualify for treatment under section 186.22, subdivision (b)(3).

### Disposition

The order requiring appellant to register as a gang member pursuant to section 186.30 is reversed. The judgment is otherwise affirmed.

Vogel (C. S.), P. J., and Epstein, J., concurred.