10 Cal.Rptr.3d 751 (2004)
116 Cal.App.4th 753
The PEOPLE, Plaintiff and Respondent,
v.
Jose L. MARTINEZ, Defendant and Appellant.
No. A103502.
Court of Appeal, First District, Division One.
March 5, 2004.
Rehearing Denied March 25, 2004.
Review Denied June 23, 2004.
*752 Christine Dubois, Santa Rosa, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Senior Assistant Attorney General, Martin S. Kaye, Supervising Deputy Attorney General, Michael E. Banister, Deputy Attorney General, for Plaintiff and Respondent.
SWAGER, J.
A gang registration requirement was imposed upon defendant pursuant to Penal Code section 186.30 as part of his sentence following revocation of probation and upon entry of a plea of no contest to auto burglary (Pen.Code, § 459).[1] We conclude that the evidence in the record does not support the finding that the crime was gang related, and strike the gang registration order.

STATEMENT OF FACTS AND PROCEDURAL HISTORY[2]

Case No. MCR 411232
Defendant was arrested on December 1, 2002, after he was discovered by a Santa Rosa police officer in a car with a 14-year-old girl. He subsequently admitted that he "had sex" with the girl, and knew "she was only 14." The arresting officer discovered that defendant "was on CYA parole" *753 and was a "certified Sureno gang member."
On December 17, 2002, defendant entered a negotiated no contest plea to a charge of unlawful sexual intercourse with a minor (§ 261.5, subd. (c)). In accordance with the plea bargain, on January 22, 2003, he was placed on probation for 36 months, upon the condition, among others, that he not associate with known gang members, or wear gang attire or colors.

Case No. SCR 32763
At 11:42 p.m. on January 12, 2003, a Santa Rosa police officer responded to a report of auto burglaries in the parking lot of the Circuit City store. The victims of the auto burglaries, M. Goldstein and R. Bettencourt, reported that windows of their vehicles had been broken, and provided the officer with a list of the items stolen.
Just over an hour before the auto burglaries were reported, appellant was independently detained by another Santa Rosa police officer for "driving erratically and speeding on Santa Rosa Avenue." Defendant admitted that he "was on CYA parole," and granted the officer permission to search his vehicle. Property that "matched" the items reported stolen in the auto burglaries at Circuit City was observed by the officer, but the crimes had not yet been reported, so defendant and his passenger Oscar Corral-Leon were permitted to leave. When the officer subsequently found Goldstein's wallet in her patrol vehicle where Corral-Leon had been seated, she promptly detained defendant and Corral-Leon again. Corral-Leon was arrested, but defendant was released.
During subsequent questioning, Corral-Leon admitted that he and defendant had "burglarized the two vehicles at Circuit City." Two days later, defendant was detained and arrested. A search of defendant's vehicle uncovered items reported stolen from Bettencourt, along with marijuana.
Defendant was charged with auto burglary, receiving stolen property, and possession of marijuana. On February 24, 2003, he entered a negotiated no contest plea to one count of auto burglary (§ 459), in exchange for dismissal of the remaining charges, recognition that the plea did not operate to violate his probation in case No. MCR 411232,[3] and an agreement for a maximum sentence of two years in state prison.

The Probation Violation.
Before the sentencing hearing in case No. SCR 32763, defendant's probation was revoked following a hearing in case No. MCR 411232 for associating with a gang member, based upon an incident on April 23, 2003, during which he was detained while driving his car in the company of Lorenzo Medina, a known member of the Sonoma County Sureno criminal street gang. Medina was on parole, with gang terms and conditions. When the detention occurred Medina was also wearing a blue football jersey inscribed with the number 13, which he threw into the back seat of the vehicle. According to expert testimony, the color blue and the number 13 are associated with the Sureno gang.

The Sentencing Hearing.
At a combined sentencing hearing for both cases on July 24, 2003, the trial imposed a two-year term for auto burglary in case No. SCR 32763, and a consecutive eight-month term for unlawful sexual intercourse with a minor in Case No. MCR *754 411232. Over defense objection, the court also ordered "gang registration" pursuant to section 186.30, subdivision (b)(3).

DISCUSSION
The sole contention made by defendant in this appeal is that the trial court erred by imposing a gang registration requirement under section 186.30. Defendant concedes that he has had "prior gang involvement," but argues that section 186.30 authorizes a gang registration order only for "the nature of the crime for which he is being sentenced," not any past gang associations. The Attorney General agrees that a gang registration order must be based upon "a current conviction for a `crime' that is found to be `gang related,'" not a probation violation for association with gang members. Nevertheless, the Attorney General maintains that defendant's "lengthy criminal history," including his probation violation, provides evidentiary support for the finding that "commission of the auto burglary was related to his membership in a gang" as required to authorize a gang registration order under section 186.30.
Section 186.30 provides that "any person convicted in a criminal court or who has had a petition sustained in a juvenile court" of either participating in a criminal street gang in violation of section 186.22, subdivision (a), or a "crime that the court finds is gang related," or where a gang enhancement pursuant to section 186.22 subdivision (b) has been found to be true, shall "register" with the local law enforcement agency as a criminal street gang member.[4] (People v. Sanchez (2003) 105 Cal.App.4th 1240, 1242, 130 Cal.Rptr.2d 219.) If any of three specified conditions are found to exist, a gang registration order is mandatory. (Ibid.; see also In re Eduardo C., supra, 90 Cal.App.4th 937, 943, 108 Cal.Rptr.2d 924; People v. Monroe (1985) 168 Cal.App.3d 1205, 1209, 215 Cal.Rptr. 51.)
The trial court relied upon the provision in subdivision (b)(3) of section 186.30, that the "crime" was "gang related," to impose the registration requirement on defendant.[5] *755 Section 186.30, subdivision (b)(3), does not offer any guidance to define those crimes that are "gang related." The Attorney General submits that not just the crime, but the defendant's "history of gang membership" and his "criminal record" may be considered to determine that a crime was gang related within the meaning of subdivision (b)(3) of section 186.30. Defendant claims that only the circumstances or "nature of the crime for which he is being sentenced" may prove that an offense is gang related under the statute.
In interpreting section 186.30, passed in March of 2000 as part of the voter initiative, Proposition 21, "`we apply the same principles that govern statutory construction. (See Horwich v. Superior Court (1999) 21 Cal.4th 272, 276 [87 Cal.Rptr.2d 222, 980 P.2d 927] (Horwich).) Thus, [1] "we turn first to the language of the statute, giving the words their ordinary meaning." (People v. Birkett (1999) 21 Cal.4th 226, 231 [87 Cal.Rptr.2d 205, 980 P.2d 912] (Birkett).) [2] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. (Horwich, supra, 21 Cal.4th at p. 276, [280, 87 Cal.Rptr.2d 222, 980 P.2d 927].)[3] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." (Birkett, supra, 21 Cal.4th at p. 243, 87 Cal.Rptr.2d 205, 980 P.2d 912.)' (People v. Rizo (2000) 22 Cal.4th 681, 685 [94 Cal.Rptr.2d 375, 996 P.2d 27] (Rizo).)" (Robert L. v. Superior Court, supra, 30 Cal.4th 894, 900-901, 135 Cal.Rptr.2d 30, 69 P.3d 951.) Our fundamental task is to ascertain the intent of the electorate so as to effectuate the purpose of the law. (Day v. City of Fontana (2001) 25 Cal.4th 268, 272, 105 Cal.Rptr.2d 457, 19 P.3d 1196; Torres v. Automobile Club of So. California (1997) 15 Cal.4th 771, 777, 63 Cal.Rptr.2d 859, 937 P.2d 290.)
Looking at the language of section 186.30, we find in the statute a clear expression of the voters'"intent that the registration requirement `apply to any person convicted in a criminal court' of certain offenses." (People v. Bailey (2002) 101 Cal.App.4th 238, 243, 123 Cal.Rptr.2d 729, italics added.) The statutory language focuses exclusively upon the "crime" committed, not the defendant's personal history or associations. Only a conviction of the identified offense of participation in a criminal street gang (§ 186.22, subd. (a)), the finding of an enhancement for the commission of a crime for the benefit of, at the direction of, or in association with any criminal street gang (§ 186.22, subd. (b)(1)), or commission of another "gang related" crime, trigger the mandatory registration requirement of section 186.30. Nothing in the language of the statute extends the registration provisions to defendants who have not committed one of the enumerated offenses. As with other registration requirements  for example, for narcotics and sex offenders  section 186.30 specifies "those particular offenses for which it deemed registration appropriate." (See People v. Brun (1989) 212 Cal.App.3d 951, 954, 260 Cal.Rptr. 850.) And because registration is an onerous burden that may result in a separate misdemeanor offense for noncompliance, a registration requirement may not be imposed upon persons not specifically described in the statute. (See People v. Franklin (1999) 20 Cal.4th 249, 253, 84 Cal.Rptr.2d 241, 975 P.2d 30; In re Bernardino S. (1992) 4 Cal.App.4th 613, 623, 5 Cal.Rptr.2d 746; *756 People v. Brun, supra, at p. 954, 260 Cal.Rptr. 850.) This court can neither disregard the language of the statute which differentiates between particular offenses and confines the obligation to register to only designated violations, nor expand the scope of the statute to impose registration for convictions of crimes not listed or under conditions not specified. (See In re Luisa Z. (2000) 78 Cal.App.4th 978, 984, 93 Cal.Rptr.2d 231; In re Bernardino S., supra, at pp. 623-624, 5 Cal.Rptr.2d 746; People v. Brun, supra, at p. 954, 260 Cal.Rptr. 850; People v. Tye (1984) 160 Cal.App.3d 796, 802-803, 206 Cal.Rptr. 813.) "In the case of a voters' initiative statute ... we may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less." (Hodges v. Superior Court (1999) 21 Cal.4th 109, 114, 86 Cal.Rptr.2d 884, 980 P.2d 433.) "`We must take the language ... as it was passed into law, and must, ... without doing violence to the language and spirit of the law, interpret it so as to harmonize and give effect to all its provisions.'" (Robert L. v. Superior Court, supra, 30 Cal.4th 894, 909, 135 Cal.Rptr.2d 30, 69 P.3d 951, quoting from People v. Garcia (1999) 21 Cal.4th 1, 14, 87 Cal.Rptr.2d 114, 980 P.2d 829, fn. omitted.) "If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs." (Day v. City of Fontana, supra, 25 Cal.4th 268, 272, 105 Cal.Rptr.2d 457, 19 P.3d 1196.)
In accordance with the unambiguous language of the statute, we conclude that a crime may not be found gang related within the meaning of section 186.30 based solely upon the defendant's criminal history and gang affiliations. The crime itself must have some connection with the activities of a gang, which we conclude means a "criminal street gang" as defined elsewhere in Proposition 21, section 186.22, subdivisions (e) and (f).[6] We also conclude that a crime is "gang related" in this context when it was "committed, in the words" of subdivision (b)(1) of section 186.22, "`for the benefit of, at the direction of, or in association with' a street gang." (People v. Gardeley (1996) 14 Cal.4th 605, 622, 59 Cal.Rptr.2d 356, 927 P.2d 713, citation omitted; see also In re Eduardo C., supra, 90 Cal.App.4th 937, 943, 108 Cal.Rptr.2d 924.)[7]
*757 We do not conclude that a defendant's personal affiliations and criminal record are without consequence in finding a "gang related" crime within the meaning of section 186.30. To the contrary, a defendant's history of participation in gang activities or criminal offenses may prove that a crime not otherwise or intrinsically gang related nevertheless falls within the meaning of section 186.30. Thus, a crime committed by a defendant in association with other gang members or demonstrated to promote gang objectives may be gang related. However, the record must provide some evidentiary support, other than merely the defendant's record of prior offenses and past gang activities or personal affiliations, for a finding that the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang.
Here, nothing in the record connected defendant's conviction to gang activity. First, defendant's commission of a probation violation through his association with a known gang member, while certainly gang related, was not a crime at all, and hence cannot serve as the basis for the registration order, as the Attorney General has acknowledged. Auto burglary is a crime, but not one necessarily gang related, and the circumstances of the offense as described in the record before us fail to connect the offense with defendant's gang activities. While the probation report indicates that the auto burglary was committed by defendant and a companion, the accomplice is not identified as a gang member. Nor does the probation report give us any indication that this particular auto burglary, even if committed by someone identified as a "certified Sureno gang member," was directed by, associated with, or benefited his criminal street gang.[8] Neither the investigating officer nor the probation officer even suggested that the auto burglary was other than a crime intended to benefit defendant personally. We agree with defendant that there is no evidentiary basis in the record to impose upon him the burden of gang offender registration pursuant to section 186.30. (See In re Eduardo C., supra, 90 Cal.App.4th 937, 943, 108 Cal.Rptr.2d 924; People v. Tye, supra, 160 Cal.App.3d 796, 803, 206 Cal.Rptr. 813.)

DISPOSITION
The gang offender registration requirement is stricken from the judgment, and the trial court is directed to amend its records accordingly. As so modified, the judgment is affirmed.
We concur: STEIN, Acting P.J., and MARGULIES, J.
NOTES
[1] All further statutory references are to the Penal Code.
[2] Appellant entered no contest pleas in the two actions before us. Thus, the recitation of facts is taken from the probation report and probation revocation hearing.
[3] The auto burglary occurred before defendant was sentenced in case No. MCR 411232.
[4] Section 186.30 reads: "(a) Any person described in subdivision (b) shall register with the chief of police of the city in which he or she resides, or the sheriff of the county if he or she resides in an unincorporated area, within 10 days of release from custody or within 10 days of his or her arrival in any city, county, or city and county to reside there, whichever occurs first.

"(b) Subdivision (a) shall apply to any person convicted in a criminal court or who has had a petition sustained in a juvenile court in this state for any of the following offenses:
"(1) Subdivision (a) of Section 186.22.
"(2) Any crime where the enhancement specified in subdivision (b) of Section 186.22 is found to be true.
"(3) Any crime that the court finds is gang related at the time of sentencing or disposition." (Italics added.)
Penal Code section 186.30 was enacted as part of Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998. (See Robert L. v. Superior Court (2003) 30 Cal.4th 894, 900, 135 Cal.Rptr.2d 30, 69 P.3d 951; In re Eduardo C. (2001) 90 Cal.App.4th 937, 940, 108 Cal.Rptr.2d 924.) Upon a court's finding that a person was involved in a gang-related crime (§ 186.30, subd. (b)), the court is required to notify the person of his or her duty to register (§ 186.31) "with the chief of police of the city in which he or she resides, or the sheriff of the county if he or she resides in an unincorporated area, within 10 days of release from custody or within 10 days of his or her arrival in any city, county, or city and county to reside there, whichever occurs first." (§ 186.30, subd. (a); cf. § 186.32, subd. (a)(1)(A).) Registration requirements are spelled out in section 186.32. The registration requirements last for five years. (§ 186.32, subd. (c).) A registrant must keep law enforcement apprised of any change of address. (§ 186.32, subd. (b).) It is a misdemeanor to knowingly violate the registration requirements. (§ 186.33, subd. (a).)
[5] Defendant was neither convicted for participating in a criminal street gang, nor was a gang enhancement found true in this proceeding.
[6] We recognize that section 186.30, subdivision (b)(3) uses the word "gang" when other parts of the initiative that enacted section 186.30 specifically employ the phrase "criminal street gang." For example, Proposition 21 added subdivision (d) to section 186.22, which prohibits commission of "a public offense punishable as a felony or a misdemeanor, which is committed for the benefit of, at the direction of or in association with, any criminal street gang with the specific intent to promote, further, or assist in any criminal conduct by gang members." But we do not believe the voters intended to distinguish between "gang" and "criminal street gang" in the provisions of the initiative. Findings articulated in the initiative demonstrate that the voters were concerned with the threat posed by criminal street gangs. Section 2 stated in subdivision (b): "Criminal street gangs and gang-related violence pose a significant threat to public safety and the health of many of our communities. Criminal street gangs have become more violent, bolder, and better organized in recent years." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (b), p. 119, italics added.) And subdivision (k) similarly mentioned: "Dramatic changes are needed in the way we treat juvenile criminals, criminal street gangs, ... if we are to avoid the predicted, unprecedented surge in juvenile and gang violence...." (See also Robert L. v. Superior Court, supra, 30 Cal.4th 894, 905-906, 135 Cal.Rptr.2d 30, 69 P.3d 951.) We think that the term "gang" in section 186.30 is synonymous with the term "criminal street gang" as defined in section 186.22, subdivision (f).
[7] Though this discussion by the California Supreme Court was not specifically concerned with section 186.30, subdivision (b)(3), but rather with the allied section 186.22, subdivision (b)(1), we again adopt it as a definition of "gang related."
[8] As this appeal comes to us following a plea, we of course do not have any expert testimony in the record that explains the relationship of the crime to a criminal street gang.