Filed 12/31/14  P. v. Smith CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065782 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FSB1200780) |
| ALONZO LERON SMITH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, R. Glenn Yabuno, Judge.  Affirmed in part; reversed in part.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Alonzo Leron Smith guilty of being a felon in possession of a firearm (count 1) and found true allegations he committed the offense to benefit a criminal street

gang and had a prior serious felony conviction. It also found him guilty of actively participating in a criminal street gang (count 2) and found true the allegation that he had a prior serious felony conviction. He received an aggregate prison term of 12 years. Smith appeals, contending his conviction for actively participating in a criminal street gang should be reversed because no evidence was presented showing he unlawfully possessed a firearm with other gang members, a point the Attorney General concedes. We accept the concession and reverse the conviction.

Smith also contends the evidence does not support the gang enhancement attached to count 1. We agree. Finally, Smith claims the trial court committed federal constitutional error by permitting the gang expert to relay testimonial hearsay and unreliable hearsay as the "basis" of his opinion and that the error was prejudicial because the jury was allowed to hear otherwise inadmissible evidence that proved several elements of both the substantive gang count and the gang enhancement. Based on our conclusion that the conviction on the substantive gang count and the true finding on the gang enhancement must be reversed, we need not address this contention.

FACTUAL AND PROCEDURAL BACKGROUND

On an evening in February 2012, San Bernardino Police Detective Joshua Simpson and Officer Brian Olvera were on patrol in an area known for drug activity, but not used by any gang as its normal area of operation. Olvera saw a parked car with at least four people inside. He also saw two black male adults standing around the car, and something handed between the two men to the people inside the car. Olvera believed he was

2

possibly witnessing a hand-to-hand narcotics transaction. When the officers approached in their car to conduct an enforcement stop, the car left the area at high speed.

As the officers pursued the car, it slowed down and the driver, later identified as Smith, jumped out and ran away. Simpson got out of the patrol car and pursued Smith on foot. During the chase, Simpson saw Smith throw a heavy metallic object in between an air conditioning vent and the wall of an apartment complex. Eventually, Smith was apprehended by another officer. Simpson went to the area where he saw Smith throw an object and retrieved a loaded semiautomatic, nine-millimeter handgun. In the meantime, another passenger took control of the car and it was driven off at high speed. Police never located the car. In response to questioning, Smith admitted he was a Colton City Crip criminal street gang member and claimed he had purchased the gun for his own protection. Smith had a prior conviction for possessing marijuana for sale and carrying a loaded firearm and admitted these offenses were committed for the benefit of a criminal street gang.

At trial, Simpson testified that the Colton City Crips are a criminal street gang located in the city of Colton, which borders San Bernardino. The primary criminal activity of the gang is narcotics sales and possession of firearms. Simpson opined that Smith was acting for the benefit of a criminal street gang when he possessed the loaded handgun in this case. He also opined that Smith's possession of the handgun promoted the Colton City Crips gang and its members' reputation in the geographical area in which the gang committed its crimes.

DISCUSSION

I. *Sufficiency of the Evidence*

A.  General Legal Principles

When a defendant challenges the sufficiency of the evidence to support his conviction, we examine the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence from which the jury could find the defendant guilty beyond a reasonable doubt.  (*People v. Johnson* (1980) 26 Cal.3d 557, 576, 578.)  We must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence.  (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)  A trier of fact may rely on inferences to support a conviction only if those inferences are "of such substantiality that a reasonable trier of fact could determine beyond a reasonable doubt" that the inferred facts are true.  (*People v. Raley* (1992) 2 Cal.4th 870, 890-891.)  A reasonable inference, however, must be an inference drawn from evidence, it may not be based on suspicion alone or speculation.  (*People v. Davis* (2013) 57 Cal.4th 353, 360.)

B.  Active Gang Participation

Smith contends, and the Attorney General concedes, his conviction for actively participating in a criminal street gang (Pen. Code, § 186.22, subd. (a)) must be reversed because there was no evidence presented showing he acted with another gang member. (Undesignated statutory references are to the Penal Code.)  We agree.

The substantive offense defined in section 186.22, subdivision (a) has three elements: (1) participation in a street gang that is more than nominal or passive;

4

(2) knowledge the gang's members engage in, or have engaged in, a pattern of criminal gang activity; and (3) willfully promoting, furthering, or assisting in any felonious criminal conduct by members of that gang. (*People v. Lamas* (2007) 42 Cal.4th 516, 523.) In *People v. Rodriguez* (2012) 55 Ca1.4th 1125, our high court concluded that "to satisfy the third element, a defendant must willfully advance, encourage, contribute to, or help *members* of his gang commit felonious criminal conduct. The plain meaning of section 186.22[, subdivision] (a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member." (*Id.* at p. 1132.)

Here, although the officers saw Smith driving a car with passengers, Smith exited the car and another occupant drove it away at a high speed. The car and its occupants were not seen again. No evidence was presented that the other passengers in the car were gang members. Accordingly, Smith's conviction for active gang participation must be reversed because no evidence was presented showing he unlawfully possessed a firearm with other gang members.

C. Gang Enhancement

A gang enhancement requires that the defendant commit the underlying crime (1) "for the benefit of, at the direction of, or in association with a[] criminal street gang" and (2) "with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." (§ 186.22, subd. (b).) These elements essentially require that both the crime and the defendant's specific intent be "gang related." (*People v. Gardeley*

5

(1996) 14 Cal.4th 605, 619, 621-622, 625, fn. 12; *People v. Albillar* (2010) 51 Cal.4th 47, 60 (*Albillar*).)

Smith claims the evidence is insufficient to support either prong. The Attorney General asserts Smith's pretrial admission to Simpson that he possessed the gun, the discovery of the discarded handgun, and Simpson's knowledge about criminal street gangs and the Colton City Crips street gang supported his expert opinion that Smith carried the gun to benefit the Colton City Crips and that Smith intended to assist the gang. We agree with Smith that the evidence is insufficient to show he possessed the gun specifically intending to promote, further, or assist in any criminal conduct by gang members. Accordingly, we need not address the sufficiency of the evidence showing Smith committed the underlying crime for the benefit of, at the direction of, or in association with a criminal street gang.

A gang enhancement encompasses the specific intent to promote, further, or assist in any criminal conduct by gang members, including the current offense. (*Albillar*, *supra*, 51 Cal.4th at pp. 64-65.) "Intent is rarely susceptible of direct proof and usually must be inferred from the facts and circumstances surrounding the offense." (*People v. Pre* (2004) 117 Cal.App.4th 413, 420.) For example, where evidence establishes the defendant committed the charged felony with known members of a gang, the jury may reasonably infer the defendant had the specific intent to promote, further, or assist criminal conduct by those gang members. (*Albillar*, at p. 68.) Similarly, a defendant acting alone may be subject to a gang enhancement if substantial evidence demonstrated his crime was

6

committed with the specific intent to further criminal activity by another gang member. (*People v. Rios* (2013) 222 Cal.App.4th 542, 546, 564-574 (*Rios*).)

In *Rios*, a jury convicted the defendant of carrying a loaded firearm in a vehicle and vehicle theft, and also found true gang enhancement allegations attached to both counts. (*Rios*, *supra*, 222 Cal.App.4th at p. 545.) Although the reviewing court agreed that the defendant could be subject to a gang enhancement while acting alone (*id.* at pp. 546, 572), it concluded the evidence was insufficient to show the specific intent necessary to support the gang enhancement. (*Id.* at pp. 572-576.) This case suffers from the same infirmity.

At trial, the prosecutor posed a hypothetical question tracking the facts of this case. The prosecutor asked Simpson his opinion whether Smith's possession of a gun benefitted the Colton City Crips. After obtaining Simpson's response on the first prong of the gang enhancement, the prosecutor asked Simpson whether Smith's crime of gun possession promoted or furthered the criminal conduct of the Colton City Crips and its members. Simpson responded that gun possession enhanced Smith's status and the status of his gang. This response, however, does not demonstrate Smith committed the crime of gun possession with the specific intent to further criminal activity by the gang or another gang member as there is no evidence showing anyone was aware Smith possessed a gun.

Although Smith was initially seen in a car with other individuals that engaged in some sort of hand-to-hand transaction with individuals outside the car, there is no evidence any of these other individuals were gang members. Additionally, Smith was not found with drugs or a large amount of money in small denominations from which it could be reasonably inferred that the hand-to-hand transaction observed by Simpson was a drug

7

transaction, a known activity of the Colton City Crips gang. Smith's acts of running from police, discarding the gun and later admitting his possession of the gun do not logically show he possessed the gun with the specific intent to further criminal activity by the gang or another gang member. Smith's prior conviction for selling marijuana and his admission that he previously possessed a gun to benefit the Colton City Crips gang do not prove intent for the instant enhancement. (See *People v. Martinez* (2004) 116 Cal.App.4th 753, 762 "[T]he record must provide some evidentiary support, other than merely the defendant's record of prior offenses and past gang activities or personal affiliations, for a finding that the *crime* was committed for the benefit of, at the direction of, or in association with a criminal street gang."].) Finally, there is no evidence any member of the community saw Smith with the gun, knew he was a gang member, affiliated with a gang, or acting with a gang purpose. Similarly, there is no evidence Smith called out a gang name, displayed gang signs or otherwise acted in a way suggesting he possessed the gun with the intent to promote the gang or himself as a gang member.

As in *Rios*, the mere fact Smith, a gang member, possessed a gun "is insufficient to support an inference on the specific intent prong of the gang enhancement. Otherwise, the gang enhancement would be used merely to punish gang membership." (*Rios*, *supra*, 222 Cal.App.4th at pp. 573-574.) Stated differently, "it cannot be inferred from the facts and circumstances of [Smith's] crime, standing alone, that his purpose in committing it was to promote, further, or assist criminal conduct by gang members." (*In re Daniel C.* (2011) 195 Cal.App.4th 1350, 1362.) Thus, we conclude substantial evidence did not support the gang enhancement finding.

DISPOSITION

The conviction in count 2 for violation of Penal Code section 186.22, subdivision (a) is reversed. The true finding on the gang enhancement attached to count 1 is reversed and the gang enhancement is stricken. The matter is remanded to the trial court to resentence Smith. Following resentencing, the trial court is directed to amend the abstract of judgment accordingly and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

IRION, J.

9