Filed 3/15/22  P. v. Soulik CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL JACOB SOULIK,<br><br>    Defendant and Appellant. | H049254<br>(Santa Clara County<br>Super. Ct. No. C1899674) |

## I.    INTRODUCTION

Defendant Paul Jacob Soulik appeals after pleading no contest to murder (Pen. Code, § 187, subd. (a))[1] for a stipulated sentence of 25 years to life.  After denying defendant's motion to withdraw his plea, the trial court sentenced defendant to 25 years to life and imposed a gang registration requirement (§ 186.30) over defendant's objection.

Defendant contends that the gang registration requirement must be vacated because there is not substantial evidence in the record that the murder was gang related. Defendant further contends that if the gang registration requirement is not vacated, the judgment should be reversed and the cause remanded to give him an opportunity to withdraw his plea. The Attorney General concedes that insufficient evidence supports the registration requirement, but asserts that the matter should be remanded to allow the

---

[1] All further statutory references are to the Penal Code.

prosecution an opportunity to provide the requisite proof. Defendant has no objection to a remand.

For reasons that we will explain, we agree with the parties that there is insufficient evidence to uphold the gang registration requirement. Accordingly, we will reverse the judgment and remand the matter for resentencing for the limited purpose of allowing the prosecution an opportunity to prove by a preponderance of the evidence that the murder was gang related and to allow defendant an opportunity to bring any motions related to the imposition of the gang registration requirement.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Factual Background*[2]

On October 8, 2017, defendant and Artierey Sherry shot and killed Lorenzo Nava. Nava had just purchased marijuana in the driveway next to his apartment complex when defendant and Sherry pulled up in a vehicle and fired multiple rounds at him. Nava ran home, collapsing on the sidewalk in front of his residence.

An individual told the police that defendant and Nava had been good friends for several years. In June or July 2017, Nava obtained two handguns from defendant, but lost them shortly thereafter. Nava told the individual that he owed defendant's " 'boys' " money for the guns and that if he did not pay, defendant would come after him and his family. The individual told the police that after Nava received threatening text messages from defendant, the individual gave defendant a partial payment of $275 and received reassurances from defendant about Nava's safety.

A law enforcement database indicated that defendant and Sherry were self-admitted members of the East Calaveras Crip Gangsters (ECCG) and that Nava was affiliated with the Norteños. A blue baseball cap with "ECCG" on the front and "AR 1500" on the back was found in the vehicle used in the homicide.

---

[2] The facts are taken from the probation report.

2

**B.** *Procedural History*

Defendant was charged with murder (§ 187, subd. (a); count 1) and carrying a loaded firearm in public (§ 25850, subd. (a); count 2). It was alleged regarding count 1 that defendant personally and intentionally discharged a firearm, proximately causing death (§ 12022.53, subd. (d)).

Defendant pleaded no contest to count 1 for a stipulated sentence of 25 years to life. The waiver and plea form initialed and signed by defendant stated that he would receive a 25-year-to-life sentence and that the remaining counts and enhancements would be dismissed. Paragraph 17 of the form regarding drug offender, sex offender, arson offender, and gang member registration was crossed out and not initialed. There was no mention of the gang registration requirement at the plea hearing.

Defendant subsequently moved to withdraw his plea. Defendant submitted a declaration stating that he sought to withdraw his plea because he "was oblivious as to what [he] was taking." Defendant stated that he felt pressured to agree to the deal based on the short amount of time he had to decide; he did not understand and "thoroughly inspect what [he] was deciding"; he made irrational and impulsive decisions because of the recent loss of his grandmother, who was a parental figure to him; he decided to take the offer so that his codefendant (Sherry) could have a release date; he thought he was agreeing to a determinate term of 25 years; and his attorney did not give him a "solid answer" regarding whether rejection of the plea deal would impact the disposition in his codefendant's case, which pressured him into "just sign[ing] off on [his] deal without thinking further."

The prosecution opposed the motion, asserting that defendant had not established by clear and convincing evidence that good cause existed for withdrawing his plea.

The trial court denied defendant's motion to withdraw his plea, finding that defendant had "failed to meet his burden by clear and convincing evidence that could [*sic*] possibly exist for withdrawing his plea." The court stated that it based its decision

3

on the waiver and plea form and the plea hearing. The court observed that defendant had signed the waiver and plea form and initialed paragraphs stating that he was satisfied with his attorney's advice; the court would sentence him to 25 years to life; no one made threats or used force against him to change his plea; he was not entering a plea for the benefit of his codefendant; and he was pleading no contest. The court also noted that at the plea hearing, defendant indicated that he understood the charges against him and the terms and consequences of his plea.

The trial court then turned to sentencing and asked the parties whether they wished to make any additions or corrections to the probation report. Defendant objected to the imposition of a gang registration requirement under section 186.30, which was recommended by the probation officer. Defendant asserted that he was not charged with, nor did he admit, a gang enhancement, and the registration requirement "wasn't contemplated at the time of the disposition." The prosecution acknowledged that there was not sufficient evidence to charge a gang allegation in this case, but asserted that it did "not think it's inappropriate to ask for [registration]" given the information in the probation report regarding defendant's gang membership and "[the] gang indicia related to this offense."

The trial court sentenced defendant to 25 years to life and imposed the section 186.30 gang registration requirement, stating that it "has deemed this offense is gang-related." The court dismissed the section 12022.53, subdivision (b) firearm allegation.[3]

---

[3] There is no indication in the record that the trial court dismissed count 2 in this case. In a separate case, the court sentenced defendant to a concurrent six-year term for second degree robbery (§§ 211, 212.5, subd. (c)) with the personal use of a deadly and dangerous weapon (§ 12022, subd. (a)(1)).

4

## III.    DISCUSSION

As relevant here, section 186.30 requires any person convicted of a crime that the sentencing court finds is gang related to register with the police or sheriff where he or she resides within 10 days of release from custody.[4]  (§ 186.30, subds. (a), (b)(3).)  "A crime is gang related if it is related to a criminal street gang as defined in section 186.22, subdivisions (e) and (f)."  (*In re Jorge G.* (2004) 117 Cal.App.4th 931, 944 (*Jorge G.*); accord, *People v. Martinez* (2004) 116 Cal.App.4th 753, 761-762 (*Martinez*).)  The prosecution must prove gang relatedness by a preponderance of the evidence.  (*Jorge G.*, *supra*, at p. 944.)

Defendant contends that the gang registration requirement imposed by the trial court must be vacated because there is not substantial evidence that the ECCG constitutes a criminal street gang under section 186.22.  The Attorney General concedes that there is insufficient evidence in the record that the ECCG meets the statutory requirements of a criminal street gang, but asserts that the proper remedy is to remand the matter to give the prosecution an opportunity to provide the missing proof.  In his reply brief, defendant states that he has no objection to a remand.

In determining a sufficiency of the evidence claim, " '[w]e review the whole record most favorably to the judgment to determine whether there is substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could have made the requisite finding under the governing standard of proof.' "  (*Jorge G.*, *supra*, 117 Cal.App.4th at pp. 941-942.)

Here, the trial court imposed a gang registration requirement based on its finding that the murder was gang related.  (See § 186.30, subd. (b)(3).)  As we stated above, "[a] crime is gang related if it is related to a criminal street gang as defined in

---

[4] Section 186.30 also requires gang registration for any person convicted of section 186.22, subdivision (a)(1) or any crime where a section 186.22, subdivision (b) enhancement is found true.  (§ 186.30, subds. (a), (b)(1), (2).)

5

section 186.22, subdivisions (e) and (f)." (*Jorge G.*, *supra*, 117 Cal.App.4th at p. 944; accord, *Martinez*, *supra*, 116 Cal.App.4th at pp. 761-762.) Thus, there must be substantial evidence in the record that the group in question, namely, the ECCG, meets section 186.22's definition of a criminal street gang.

Section 186.22 defines a criminal street gang as "an ongoing, organized association or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in subdivision (e), having a common name or common identifying sign or symbol, and whose members collectively engage in, or have engaged in, a pattern of criminal gang activity." (§ 186.22, subd. (f).) A "pattern of criminal gang activity" is the commission or attempted commission of at least two of the offenses enumerated under subdivision (e)(1) of section 186.22, "provided at least one of these offenses occurred after the effective date of this chapter, and the last of those offenses occurred within three years of the prior offense and within three years of the date the current offense is alleged to have been committed, the offenses were committed on separate occasions or by two or more members, the offenses commonly benefited a criminal street gang, and the common benefit of the offense is more than reputational." (*Id.*, subd. (e)(1).) The charged offense cannot be used to establish a pattern of criminal gang activity. (*Id.*, subd. (e)(2).)

We concur with the parties that there is not substantial evidence in the record— " 'that is, evidence that is reasonable, credible, and of solid value' "—from which a reasonable trier of fact could conclude by a preponderance of the evidence that the ECCG constitutes a criminal street gang under section 186.22, subdivisions (e) and (f). (*Jorge G.*, *supra*, 117 Cal.App.4th at p. 942.) Although the probation report states that a database indicated that defendant was a self-admitted ECCG member, self-admission of gang membership does not establish that the group in question meets the statutory definition of a criminal street gang. (See *Martinez*, *supra*, 116 Cal.App.4th at p. 760.)

6

Nor does the presence of a blue baseball cap with "ECCG" on it inside the vehicle used in the homicide suffice to demonstrate the ECCG's criminal street gang status under section 186.22. Accordingly, because there is insufficient evidence that the ECCG meets the statutory definition of a criminal street gang under section 186.22, subdivisions (e) and (f), the gang registration requirement must be reversed. (See *Jorge G.*, *supra*, 117 Cal.App.4th at pp. 944, 946; *Martinez*, *supra*, 116 Cal.App.4th at pp. 762-763.)

Although we reverse the gang registration requirement based on insufficient evidence, we conclude that remand is appropriate to allow the prosecution an opportunity to prove by a preponderance of the evidence that the crime was gang related. (See *Jorge G.*, *supra*, 117 Cal.App.4th at pp. 944, 946.) Remand for that purpose does not violate double jeopardy principles "because the determination[] at issue do[es] not place . . . defendant in jeopardy for an 'offense.' " (*Monge v. California* (1998) 524 U.S. 721, 728 (*Monge*); see also *Jorge G.*, *supra*, at p. 947 [following *Monge* to find no double jeopardy bar to remand for the prosecution to provide sufficient proof of gang relatedness].)

Relying primarily on *People v. Zaidi* (2007) 147 Cal.App.4th 1470, which pertains to sex offender registration, defendant asserts that we should direct the trial court that if the prosecution elects to present evidence to support the imposition of a gang registration requirement, he must be given "an opportunity . . . to move to withdraw his plea," as he was not advised of the gang registration requirement at the plea hearing. As the Attorney General acknowledges, on remand defendant "may make any motion he is entitled to make at that time, and the trial court may consider it in the first instance." Thus, defendant's alternative claim that the judgment should be reversed if the gang registration requirement is not vacated and the cause remanded to give him an opportunity to

7

withdraw his plea is moot.[5]  (See *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541; *People v. Herrera* (2006) 136 Cal.App.4th 1191, 1198.)

## IV.  DISPOSITION

The judgment is reversed.  The matter is remanded for resentencing for the limited purpose of allowing the prosecution an opportunity to prove by a preponderance of the evidence in support of a gang registration requirement (Pen. Code, § 186.30) that the murder was gang related and to allow defendant an opportunity to bring any motions related to the imposition of the gang registration requirement.

---

[5] Defendant also requests that we direct the trial court on remand to apply section 186.22 as recently amended by Assembly Bill No. 333 (2021-2022 Reg. Sess.). We observe that the Courts of Appeal have uniformly held that Assembly Bill No. 333's amendments to section 186.22 apply retroactively to defendants whose judgments are not yet final.  (See, e.g., *People v. E.H.* (2022) 75 Cal.App.5th 467, 478; *People v. Lopez* (2021) 73 Cal.App.5th 327, 344.)

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

DANNER, J.

_____

WILSON, J.

*People v. Soulik*
**H049254**