Filed 3/23/22  In re Emmanuel N. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re EMMANUEL N., a Person Coming Under the Juvenile Court Law. | B315835 <br><br> Los Angeles County Super. Ct. No. PJ53915 |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> EMMANUEL N., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Juvenile Court of Los Angeles County, Fred J. Fujioka, Judge.  Affirmed as modified.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

Emmanuel N. admitted he committed carjacking. The juvenile court ordered suitable placement and imposed probation conditions. One of those conditions required Emmanuel to register as a gang member. Emmanuel's sole contention on appeal is that the court erred in doing so. The Attorney General agrees there was insufficient evidence the crime was gang-related. As the parties agree on this point, we order the gang registration requirement stricken and otherwise affirm the court's order.

## FACTS AND PROCEDURAL BACKGROUND[1]

On August 14, 2021, Alberto P. went to pick up his friend and fellow musician Aaron. The two men played in a mariachi band. Just before 5:00 p.m., as Aaron was loading their instruments into the trunk of Alberto's Honda, he heard someone say, "What's up, foo?" Turning, he recognized Angel F., with whom he'd grown up, "standing right behind him." Emmanuel was with Angel. Aaron later told authorities Angel was "a member of San Fernando."

Angel approached the driver's-side door of Alberto's car, opened it, and told Alberto "to get the fuck out of the car." Angel took a black semi-automatic handgun out of his waistband and pointed it at Alberto's head. Angel then pointed the gun at Alberto's brother Alfredo, who was in the passenger seat. "[Angel] told the victims to get on the sidewalk as he continued to point and [wave] the handgun at all of them." Emmanuel "demanded that everyone give up their cell phones and car keys." Alberto handed Emmanuel his phone. Emmanuel told Alfredo

---

[1] We take the facts from the probation officer's report.

2

that he too had a gun.  Alfredo didn't see Emmanuel with a gun but in "fear for his life" he gave Emmanuel his cell phone.

When Emmanuel demanded Aaron's phone, Aaron "hesitated and said he did not have it on him."  Emmanuel punched Aaron in the head, causing his contact lenses to fall out.  Angel racked the slide on his gun and a round ejected.  Emmanuel said they couldn't leave the round behind, and reached down to retrieve it.  Aaron ran inside the house to call the police.

In the meantime, Angel saw Alberto's keychain hanging from his jacket.  Angel told Alberto, "Give me those fuck[i]n['] car keys too."  Alberto gave his car keys to Angel, and Angel and Emmanuel "fled" with Alberto's car and the victims' property.

Shortly thereafter, Blanca R. was in her front yard on Hubbard Avenue when she heard a loud noise that sounded like a traffic collision.  She saw a "male subject" (later identified as Angel) "attempting to flee."  She "signaled him to stay on [the] scene."  Angel pulled out a black semi-automatic handgun, pointed it at Blanca, and racked the slide back.  Blanca, thinking "she was about to get killed," put her head down.

Minutes later, Francisco E. arrived at an address on Hubbard Avenue to pick up his car and his son.  Angel and Emmanuel jumped over a wall in the backyard and approached Francisco, signaling him to be quiet by putting their fingers over their mouths.  Angel told Francisco to let him into the house.  When Francisco refused and told the minors to leave, either Angel or Emmanuel said (in Spanish), "I am going to enter your house."  The minors then demanded Francisco hand over his car keys.  When he refused, Angel and Emmanuel hit Francisco's "face and body" with closed fists a number of times.  They threw

3

Francisco on the ground and repeatedly kicked his face and body. One of the minors pulled out a semi-automatic handgun, pointed it at Francisco, and pulled the trigger three times. When the gun didn't fire, the victim got up and "began to exchange punches with both suspects."

Both Angel and Emmanuel ran. Police apprehended Angel and found the handgun nearby. Francisco and his son chased Emmanuel and caught up to him near a park. Emmanuel was talking to a driver of a Volkswagen. Francisco tackled Emmanuel "down to the ground" and "a struggle ensued." The Volkswagen driver yelled, "He was trying to take my car!" Police arrived and arrested Emmanuel.

The People filed a petition alleging carjacking of Alberto P. (count 1), attempted carjacking of Francisco E. (count 2), and assault on Francisco E. by means of force likely to cause great bodily injury (count 3).[2] On September 28, 2021, Emmanuel accepted the district attorney's offer of a plea to the carjacking charge "for suitable placement." The parties agreed the People would dismiss the remaining counts with a *Harvey* waiver.[3]

At the hearing, the prosecutor explained to Emmanuel the rights he'd be giving up and listed the terms and conditions of probation the court would impose. She did not mention registration as a gang member. However, box 37 of the proposed Conditions of Probation attached to the probation officer's report, which the probation department had checked, stated, "You must

---

[2]     The petition alleges the assault charge as a misdemeanor but the "[s]ummary of charges" on the petition reflects a felony triad of two, three, or four years.

[3]     *People v. Harvey* (1979) 25 Cal.3d 754.

4

register for the next five (5) years as a Gang member pursuant to 186.32 PC with the local law enforcement agency in the county in which you reside within 10 days."

The court accepted Emmanuel's admission and found a factual basis for it. The court ordered Emmanuel suitably placed on terms and conditions it then listed. Number 37 was, "[Y]ou must register for the next five years as a gang [member],[4] pursuant to 186.32 of the Penal Code, with the local law enforcement agency in the county in which you reside." Emmanuel's counsel objected "to the requirement he register as a gang member." Counsel said, "I don't think there's been any proof presented that he personally belongs to the gang as opposed to associating or just having a friend, the co-minor, who might be a gang member." The court responded, "The objection is noted."

**DISCUSSION**

On appeal, Emmanuel challenges the requirement that he register as a gang member for five years. The Attorney General agrees the court erred.

The petition contained no gang allegation, nor did Emmanuel admit one as part of his plea. Moreover, as the Attorney General notes, the reference in the probation officer's report to Angel being a " 'documented member' " of " 'San Fernando' " does not establish " 'San Fernando' " was a " 'criminal street gang' " as Penal Code section 186.22, subdivisions (e) and (f), define it. The Attorney General observes there was no evidence San Fernando "was an ongoing organization or group of three or more persons

---

[4] The reporter's transcript says "a gang mother." We assume this is a typographical error.

5

having a common name," nor of its " 'primary activities' " or its members' participation in a " 'pattern of gang activity.' " The Attorney General concludes, "[E]ven though appellant obviously 'associated' with [Angel] during the carjacking, the record simply lacks evidence that [Angel] belong[ed] to a criminal street gang as defined by section 186.22."  (Cf. *People v. Martinez* (2004) 116 Cal.App.4th 753, 756, 762, fn. 8 [reversing gang registration order and noting "this appeal comes to us following a plea, [so] we of course do not have any expert testimony in the record that explains the relationship of the crime to a criminal street gang"].)

As the parties are in agreement, we order the gang registration condition stricken and otherwise affirm the juvenile court's order.

## DISPOSITION

The portion of the order requiring Emmanuel N. to register as a gang member under Penal Code section 186.32 is stricken. The order is affirmed in all other respects.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

KIM, J.*

_____

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7